UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| AMERICAN SAFETY CASUALTY INSURANCE COMPANY, | ) ) ) | CASE NO. C16-0044 RSM |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER DENYING MOTION TO DISQUALIFY COUNSEL |
| HAPPY ACRES ENTERPRISES CO., INC., a Washington corporation, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## I.      INTRODUCTION

This matter comes before the Court on Defendants' Amended Motion to Disqualify Plaintiff's counsel from representing Plaintiff in this matter.  Dkt. #23.  Defendants argue that Plaintiff's counsel, Todd Blischke, is a material witness in this case, and therefore he should be disqualified under Washington's Rule of Professional Conduct ("RPC") 3.7.  *Id.*  Defendants further argue that the entire firm of Williams, Kastner & Gibbs PLLC should be disqualified as well.  *Id.*  Plaintiff opposes the motion, asserting that Defendants do not have sufficient evidence to demonstrate the need for disqualification under RPC 3.7 and that exceptions to the Rule are applicable in any event.  Dkt. #24.  For the reasons discussed below, the Court agrees with Plaintiff and DENIES Defendants' motion.  Plaintiff has also sought discovery sanctions against Defendants, which this Court now GRANTS.

ORDER
PAGE - 1

## II.   BACKGROUND

This matter arises out of an underlying construction contract dispute.  On January 12, 2016, Plaintiff American Safety Casualty Insurance Company ("American") filed an action for breach of contract, declaratory judgment and unjust enrichment against Defendants Happy Acres Enterprises Co., Inc., Rolf Eriksen and Matilija d/b/a Matilija, Inc. (collectively "Happy Acres").  Dkt. #1.  Plaintiff alleges the following facts:

10.  American issued surety bonds on behalf of Happy Acres in connection with certain construction projects performed in the State of Washington.

11.  As partial consideration for American's agreement to furnish surety bonds on behalf of Happy Acres, on or about September 21, 2010, American and Defendants Happy Acres, Matilija, and Rolf Eriksen, properly and formally executed and entered into a General Agreement of Indemnity ("GAI"). . . .

12.  Pursuant to the terms of the GAI, Defendants, jointly and severally, agreed to indemnify American from and against any and all liability for losses, fees, costs, and expenses of whatsoever kind or nature which American incurred as a consequence of issuing bonds on behalf of Happy Acres or as a consequence of a breach of the GAI by Defendants. . . .

. . .

14.   After execution of the GAI and at the request of the Defendants, American issued Performance Bond No. OKC607701 naming Doe Bay Water User's Association, Inc. ("Doe Bay") as obligee for the contract between Happy Acres and Doe Bay, dated November 15, 2010, for the Slow Sand Filter Facility ("Contract") on or about November 22, 2010, in the penal sum of $664,632.86 ("Bond"). . . .

15.  In approximately March 2013, Happy Acres filed an arbitration demand against Doe Bay relating to Happy Acres' and Doe Bay's disputes under the Contract with the American Arbitration Association in a matter styled *In the Matter of the Arbitration between Happy Acres Enterprises Company, Inc. v. Doe Bay Water Users Association*, Case No. 75-20-1300-0095 ("Arbitration").  Doe Bay brought a counterclaim against Happy Acres regarding Happy Acres alleged deficiencies in performing the Contract.

16.  In late December 2014 and early January 2015, Doe Bay claimed that Happy Acres was in default under the Contract and tendered its claim

ORDER
PAGE - 2

against the Bond to American.  Doe Bay then sought to have American joined as a party in the Arbitration in order to pursue its claims under the Bond and against American.

17.  American was joined as a party to the arbitration in approximately March 2015.

18.  The Arbitration hearing was held from October 26-30, 2015. An Award of Arbitrator, dated December 16, 2015 ("Award"), was entered in favor of Happy Acres on its claims against Doe Bay.  The Award also found in favor of Happy Acres on Doe Bay's counterclaims.  Further, the Award found in American's favor as to Doe Bay's claims against American.

19.  American incurred substantial costs in seeking to exonerate the Bond and defending against Doe Bay's claims in the Arbitration. American has incurred approximately $175,000.00 in attorneys' fees, expert and consultant costs, and other costs relating to the Bond and the Arbitration. American's costs will continue to increase as it seeks to enforce the terms of the GAI.

Dkt. #1 at ¶¶ 10-19.

Defendants have denied many of those alleged facts and asserts that American joined the Arbitration over their objection; American then did not participate in any meetings, communications or discovery between Happy Acres and Doe Bay in anticipation of the Arbitration proceedings; American's counsel attended the Arbitration but did not participate, did not present any witnesses, did not participate in any of the Arbitration preparation work, either before, during or after the Arbitration, nor assist with preparation of witnesses; and American also had its claims consultant and identified expert witness, Robert Legier, attend all five days of the Arbitration, but he was never called as a witness.  As a result, Happy Acres has asserted the Affirmative Defenses of Failure to Mitigate, No Reasonable Necessity, and Lack of Good Faith, among others.  Dkts. #10 at ¶¶ 10-19 and *Affirmative Defenses*, #22 at ¶¶ 4-13, and #23 at 3-6.

ORDER
PAGE - 3

Defendants have now moved to disqualify Plaintiff's counsel on the basis that they intend to call into question the decisions made by American and the resultant fees in the underlying case, and therefore "Blischke will undoubtedly be a **material witness** in this case. Thus, Blischke cannot represent American Safety in this action pursuant to Rule 3.7 of the Rules of Professional Conduct – the lawyer (advocate)-witness rule – and should be disqualified as American Safety's counsel."  Dkt. #23 at 5-6 (bold in original).

### III.    DISCUSSION

**A. Attorney Disqualification**

Washington RPC 3.7 provides:

> (a) A lawyer shall not act as an advocate *at a trial* in which the lawyer is likely to be a *necessary witness* unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) disqualification of the lawyer would work substantial hardship on the client; or
>
> (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.
>
> (b) A lawyer may act as advocate *in a trial* in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

*Id.* (emphasis added).   This Court's Local Civil Rule 83.3 (a)(2) directs that "attorneys appearing in this district shall . . . comply with . . . the Washington Rules of Professional Conduct (RPC)."

Washington courts are reluctant to disqualify an attorney absent compelling circumstances. *Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l Ins. Co.,* 124 Wn.2d 789, 812, 881

ORDER
PAGE - 4

P.2d 1020 (1994).  "When an attorney is to be called . . ., a motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated, that the evidence is unobtainable elsewhere, and that the testimony is or may be prejudicial to the testifying attorney's client."  *Id.* (quoting *Cottonwood Estates, Inc. v. Paradise Builders, Inc.,* 128 Ariz. 99, 105, 624 P.2d 296 (1981)).   Disqualification is considered "a drastic measure which courts should hesitate to impose except when absolutely necessary."  *United States ex rel. Lord Elec. Co., Inc. v. Titan Pac. Constr. Corp.,* 637 F. Supp. 1556, 1562 (W.D. Wash. 1986) (citing *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 721 (7th Cir. 1982)); *see also Venable v. Keever,* 960 F. Supp. 110, 113 (N.D. Tex. 1997) ("Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration").  Disqualification motions are therefore subject to "particularly strict judicial scrutiny."  *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1050 (9th Cir. 1985).

As an initial matter, the Court agrees with Plaintiff that this motion is premature.  As this Court has previously stated, "the plain language of Washington RPC 3.7(a) is unequivocally clear in only prohibiting attorneys from acting as an advocate *at trial.*"  *Microsoft Corp. v. Immersion Corp.*, 2008 U.S. Dist. LEXIS 27442, *8, 87 U.S.P.Q.2d (BNA) 1701, 1703-1704 (W.D. Wash. Mar. 7, 2008) (emphasis in original).  However, Defendants' motion specifically seeks to "disqualify Blischke and the Williams Kastner firm as American Safety's counsel in this litigation."  Dkt. #23 at 10.  RPC 3.7 does not authorize such a broad disqualification.

Additionally, the Court finds that Defendants have failed to provide sufficient evidence supporting disqualification in this matter.  Indeed, Defendants assert without any support in the

ORDER
PAGE - 5

record that the information they believe they will obtain from Mr. Blischke is unobtainable elsewhere and that it will prejudice his client.

Finally, the Court agrees that Mr. Blischke's proposed testimony would go directly to the nature and value of legal services rendered, and therefore an exception to RPC 3.7 applies. Defendants rely on Comment 3 to the Rule and seek a narrow application of the exception. Comment 3 explains the exception regarding fees: "Paragraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue." RPC 3.7 cmt. 3. This Court has previously recognized that although the comment suggests the exception for testimony regarding attorneys' fees only applies when the lawyer testifies about services rendered in the case in which he or she is testifying, the exception extends to situations similar to this one. *Aecon Bldgs., Inc. v. Zurich North America*, 2008 U.S. Dist. LEXIS 62215, *5-7 (W.D. Wash. July 24, 2008) (relying on *OMI Holdings, Inc. v. Chubb Ins. Co. of Canada,* No. 95-2519-KHV, 1996 U.S. Dist. LEXIS 22000, at *8 (D. Kan. Nov. 22, 1996)).

For all of these reasons, the Court declines to disqualify Mr. Blischke or the Williams Kastner law firm from representing their client in this matter.

**B. Sanctions**

The Court next turns to Plaintiff's request for sanctions. Plaintiff argues that the instant motion to disqualify was disingenuous and retaliatory, particularly given that Defendants never identified either Mr. Blischke or his colleague Ms. Dishaw as potential witnesses until after discovery closed. Dkt. #24 at 10-12. Defendants fail to respond to that argument in any manner. *See* Dkt. #26.

ORDER
PAGE - 6

Federal Rule of Civil Procedure 26(a)(1)(A) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information. . . ." Federal Rule of Civil Procedure 26(e)(1)(A) further requires that a party must supplement its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Where a party fails to comply with these obligations, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless. *Torres v. City of L.A.* 548 F.3d 1197, 1213 (9th Cir. 2008).

In the instant case, Defendants do not dispute that they identified Mr. Blischke and Ms. Dishaw as people with potentially discoverable information for the first time nearly a month after discovery closed and days after they filed their Motion to Disqualify with the Court. *See* Dkt. #25 at ¶ 2 and Exs. A and B thereto. Further, Defendants fail to provide any explanation for their actions. Moreover, Defendants fail to provide any argument as to why their untimely disclosure was substantially justified or is harmless.

As the Ninth Circuit Court of Appeals has explained:

> [t]he theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush. After disclosures of witnesses are made, a party can conduct discovery of what those witnesses would say on relevant issues, which in turn informs the party's judgment about which witnesses it may want to call at trial, either to controvert testimony or to put it in context. Orderly

ORDER
PAGE - 7

procedure requires timely disclosure so that trial efforts are enhanced and efficient, and the trial process is improved.  The late disclosure of witnesses throws a wrench into the machinery of trial.  A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans.  And if the discovery cutoff has passed, the party cannot conduct discovery without a court order permitting extension.  This in turn threatens whether a scheduled trial date is viable.  And it impairs the ability of every trial court to manage its docket.

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014).

Compliance with the disclosure requirements of Rule 26 is "mandatory."  *Republic of Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir. 2014).  Indeed, an adverse party should not have to guess which undisclosed witnesses may be called to testify.  Both the Ninth Circuit and the Advisory Committee on the Federal Rules of Civil Procedure have warned litigants not to "'indulge in gamesmanship with respect to the disclosure obligations'" of Rule 26.  *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 n.3 (9th Cir. 1994) (quoting Fed. R. Civ. P. 26 advisory committee's note (1993 amend.)).  In this case, the Court agrees with Plaintiff that Defendants' untimely disclosures undermine their argument that Plaintiff's counsel will be a necessary material witness in this matter, and suggests that the instant motion has been asserted for retaliatory purposes.  *See* Dkt. #24 at 10-12.  Moreover, the Court finds that the untimely disclosure was not harmless.  By failing to identify Plaintiff's counsel as potential witnesses in the instant matter, Defendants deprived Plaintiff the opportunity to explore through discovery how those witnesses were intended to be used and what information and evidence Plaintiff may desire to present in relation to those witnesses.  Accordingly, the Court will preclude Defendants from calling Mr. Blischke or Ms. Dishaw as witnesses in this case.  *Ollier*, 768 F.3d at 862 ("A 'district court has wide discretion in controlling discovery.'  And, as we noted earlier, that discretion is 'particularly wide' when it comes to excluding witnesses under Rule 37(c)(1)." (citations omitted)).

ORDER
PAGE - 8

# IV.    CONCLUSION

Having reviewed Defendants' Amended Motion to Disqualify, Plaintiff's Response, Defendants' Reply, the declarations and exhibits in support thereof, and the remainder of the record, the Court hereby finds and ORDERS:

1.  Defendants' Amended Motion to Disqualify (Dkt. #23) is DENIED.

2.  Plaintiff's request for sanctions is GRANTED.   Defendants are precluded from calling Mr. Blischke or Ms. Dishaw as witnesses in this case.

DATED this 20th day of January 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 9